SOPHIA CULLMAN *vs.* CHARLES BOTTCHER *et al.*

Argued May 22, 1894. Affirmed July 25, 1894.

No. 8699.

**Findings supported by the evidence.**

Evidence in this case, which was brought to foreclose a mortgage on real estate, *held* sufficient to justify a finding that plaintiff was the owner of said mortgage debt, and also a finding as to the amount due.

**Rulings on evidence offered either correct or the evidence not prejudicial.**

Certain alleged errors in the rulings of the court disposed of.

Appeal by defendants, Charles Bottcher and Wilhelmina Bottcher his wife, from an order of the District Court of Houston County, *John Whytock,* J., made December 26, 1893, denying their motion for a new trial.

Defendant Charles Bottcher, made his note November 15, 1877, to William Splitter of La Crosse, Wis., for $700 and interest due three years thereafter, and he and wife secured it by mortgage on his farm in Houston County. The interest was paid to November 15, 1892, save for the years 1884 and 1887. William Splitter died testate September 1, 1892, at La Crosse, Wis., and his will was duly proved in the County Court of La Crosse County, Wis., and letters testamentary issued to his daughter, Francisca Splitter. Whether or not a final decree of distribution of his estate has been entered was not shown.

She assigned the note and mortgage November 30, 1892, to the plaintiff, Sophia Cullman, and she brought this action to foreclose the mortgage. Defendants denied any knowledge or information sufficient to form a belief as to the will, its probate, or the assignment to plaintiff. On the trial objections were made to the proofs offered as stated in the opinion. The court made findings and ordered judgment for plaintiff. The defendants moved for a new trial and being denied they appeal.

*Harries & Duxbury,* for appellants.

Heirs, devisees or legatees cannot sue in their own name for the recovery of personal property of a decedent until after distribution in probate. If the heir or legatee could not have sued on the note and mortgage in her own name, her assignee can be in no better position, as the defect is one of title and not a personal disability.

*E. H. Smalley,* and *James G. Miller,* for respondent.

This assignment was made by the executrix in fact. She had the right to foreclose this mortgage, to assign it, to satisfy it, and had all the rights which were possessed by the mortgagee. No decree of distribution was necessary.

COLLINS, J. This was an action to foreclose a mortgage upon real property, given to secure the payment of a promissory note of date November 15, 1877, made by defendant Charles Bottcher, and payable to the order of one William Splitter. The appeal is from an order denying a new trial to the defendants, the case having been tried by the court without a jury.

1. By the answer, plaintiff's title to the note and mortgage was put in issue. Francisca Splitter, a daughter of the mortgagee, testified that he died testate in the year 1892, while owner of the note and mortgage, and that they then came into her possession. She also testified that they were bequeathed to her by her father's last will and testament, and that the last-mentioned instrument had been duly admitted to probate. The only objection interposed to this testimony was that it was immaterial. She was also permitted to state, without objection, that she was the sole heir of her father; and there was other evidence bearing upon the question of her ownership of the note

and mortgage through the will, the import of which we need not state. The plaintiff claimed to have derived title to the note and mortgage by means of an assignment in writing executed and delivered by Francisca Splitter, which was duly introduced in evidence, and she produced both note and mortgage upon the trial, testifying as to the purchase of the same in November, 1892, and possession from that time. The first question is whether she established her title and right to foreclose the mortgage through this evidence. If she did, the fact that other testimony bearing upon her ownership was improperly admitted did not prejudice the defendants, and was not reversible error.

It has been repeatedly held in this court that a promissory note can be transferred by mere delivery so as to pass the title, and the right to sue in the name of the holder. From possession of the instrument, the presumption seems to arise that the holder has lawfully acquired title. But we are not obliged to wholly depend upon this rule, nor do we decide that, in the absence of other proof, plaintiff's possession, or the possession of Francisca Splitter, would of itself give either a right to maintain this action. The plaintiff attempted to show that the note and mortgage became the property of Francisca through the duly-probated last will and testament of the mortgagee. As before stated, the only objections made by counsel to the testimony were that it was immaterial. If the objections had been that the proof offered was not the best evidence of the facts sought to be established, the objection would have been substantial, for obviously the proposed proof was secondary. Evidence that the note and mortgage had been bequeathed to Francisca by her father's last will and testament, and that this instrument had been duly admitted to probate in the county in which he resided at the time of his death, was not immaterial, as urged by counsel, although the admissibility of the evidence in question might have been opposed for other reasons.

2. Plaintiff offered and there was received in evidence a copy of the last will and testament of Heinrich Wilhelm Splitter, and a copy of the order of the county court of La Crosse county, Wis., admitting the same to probate, certified to under the hand and seal of the court. The copy of the will was objected to upon the grounds that it was incompetent, irrelevant, immaterial, and not properly authenticated.

It was also shown that the person making the will, and the mortgagee named in the mortgage as William Splitter, were the same person. Counsel for the defendants fail to suggest in what respect the certificate of authentication is defective, and we have not discovered a defect. And we are also unable to see how the certified copies of the records of the county court are open to the other objection made. Even under the view of this evidence taken by counsel, those transcripts were simply insufficient in that they did not go far enough. But in so far as they tended to show that a will had been made in the lifetime of the mortgagee, and that it had been duly probated and allowed, they were right in line with what counsel claims should have been shown, namely, that a decree had been made in the matter of the estate, assigning the note and mortgage to Francisca Splitter. To this extent they were admissible in evidence.

By means of these transcripts it was proven that the person just named had been designated by the mortgagee as sole executrix of his last will and testament, and also that all of the estate of the deceased testator had been given and bequeathed to her, with the single condition that to one brother and to each of two sisters she pay a specified sum of money out of the proceeds of the estate. We are of the opinion that, taking all of the testimony together, Francisca Splitter's right to sell and transfer the note and mortgage to this plaintiff was sufficiently established. A *prima facie* case was made by the plaintiff, which the defendants in no way attempted to rebut.

3. It has not been made to appear that the court ruled erroneously when receiving in evidence the papers referred to in the fourth and fifth assignments. These papers, said by counsel to have been both written in the German language, were not translated on the trial, it appears, and they are not embraced in the record. We are not able to see what bearing they had upon the case, or how they affected the result. Nothing in the record indicates that they were considered by the court when making its findings, and that defendants were in any way prejudiced by the act of the court, when receiving them subject to defendants' objection, has not been made to appear.

4. Referring to the twelfth assignment of error, it may be said that according to the allegations of the complaint there was due on the note the principal sum of $700; the interest for the year ending November 15, 1884; the interest for the year ending November 15,

1887; and also interest at 8 per cent. on the principal sum from November 15, 1892. In the answer, defendants simply denied that they were indebted to plaintiff in any sum. No payments of interest were alleged in the answer, nor did defendants claim or offer to show that, as to payments, the allegations of the complaint were untrue. Hence, the finding as to the amount due on the note among the findings of fact filed January, 1894, *nunc pro tunc,* and which superseded the so-called decree of October 15, 1893, was in strict conformity with the pleadings.

5. Testimony was offered by plaintiff, as having a bearing upon plaintiff's title to the note and mortgage, which was open to the objections made by defendants' counsel. But the court reserved its rulings in each instance, and, taking the view already announced as to the probative force of some of the properly admitted evidence on the same point, it is plain that the objectionable testimony was not considered by the court when making its findings. Defendants were not prejudiced by it.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 971.)